UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20725-CR-COOKE/GOODMAN

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

FILED BY _____ D.C.
NOV 01 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

EDOARDO ORSONI,

        Defendant.
_____/

## INFORMATION

The United States of America charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Petróleos de Venezuela S.A. ("PDVSA") was the state-owned and state-controlled oil company in Venezuela. PDVSA was responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government.

2. PDVSA entered into various joint ventures with foreign oil companies to leverage the expertise of those oil companies (the "PDVSA Subsidiaries" or, individually, a "PDVSA Subsidiary"). PDVSA maintained a majority stake in, and largely controlled, the PDVSA Subsidiaries and that control extended to the procurement process.

3. Petrocedeño S.A. ("Petrocedeño") was a PDVSA Subsidiary that consisted of a combination of PDVSA and two European oil companies, with majority control belonging to

PDVSA.  Petrocedeño had a significant operating budget and awarded several hundred million dollars in procurement contracts each year.

4.  PDVSA and the PDVSA Subsidiaries, including Petrocedeño, were "instrumentalities" of the Venezuelan government as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(A).

5.  Defendant **EDOARDO ORSONI** was a Venezuelan citizen residing in Venezuela until late 2017.  Orsoni held various positions at PDVSA and the PDVSA Subsidiaries from 2007 to 2017, including, among others, general counsel of Petrocedeño, legal manager for all PDVSA operations in the oil-rich Orinoco belt, and general counsel of PDVSA.  Beginning in or around 2012, **ORSONI** served on a committee that reviewed and approved Petrocedeño contracts. **ORSONI** was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

6.  Contractor 1, an individual whose identity is known to the United States, owned or controlled several companies, including Florida-registered companies, that supplied goods or services to PDVSA and PDVSA Subsidiaries.  Contractor 1 was an officer, director, employee, and agent of a "domestic concern," and a stockholder acting on behalf of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

**CONSPIRACY TO COMMIT MONEY LAUNDERING**

Beginning in or around 2012, and continuing through at least 2016, in the Southern District of Florida, and elsewhere, the defendant,

**EDOARDO ORSONI,**

2

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States, including Contractor 1, to commit offenses against the United States, namely:

    a.    to knowingly conduct a financial transaction, which involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b.    to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is the following: (a) bribery of a foreign official, a felony violation of the FCPA, Title 15, United States Code, Section 78dd-2, and (b) offenses against a foreign nation, specifically Venezuela, involving bribery of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

1.    The purpose of the conspiracy was for **EDOARDO ORSONI** and other co-conspirator contractors (including Contractor 1) to engage in financial transactions that concealed, disguised, and promoted bribe payments made for the benefit of **ORSONI**, all in an effort by the

co-conspirators (including Contractor 1) to gain an illegal and improper advantage in obtaining and retaining procurement contracts with PDVSA and the PDVSA Subsidiaries.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **EDOARDO ORSONI** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following, while in the Southern District of Florida and elsewhere:

2. **EDOARDO ORSONI** received instructions from senior PDVSA officials to ensure that specific contractors received contracts from Petrocedeño, which ultimately yielded benefits for these senior PDVSA officials.

3. **EDOARDO ORSONI** agreed to receive bribes from co-conspirator contractors (including Contractor 1) in exchange for **ORSONI**'s assistance in obtaining contracts with or receiving payments from Petrocedeño and another PDVSA Subsidiary.

4. **EDOARDO ORSONI** and the co-conspirator contractors (including Contractor 1) agreed to conceal, and did in fact conceal, the nature, source, and ownership of the bribes by directing that bribe payments be made to corporate bank accounts connected to **ORSONI** but not in his name.

5. **EDOARDO ORSONI** and a co-conspirator whose identity is known to the United States used proceeds of the bribes sent by co-conspirator contractors, including Contractor 1, to conduct personal financial transactions for themselves, including the purchase of real estate in South Florida.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and objects thereof, **EDOARDO ORSONI** and his co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

6. On or about October 28, 2014, **EDOARDO ORSONI** caused a co-conspirator contractor to wire approximately $749,960 to a bank account in Portugal for the benefit of **ORSONI**.

7. On or about January 27, 2015, **EDOARDO ORSONI** caused Contractor 1 to wire approximately $201,180 from a Miami, Florida, bank account of a Florida-registered company to a bank account in the Caribbean for the benefit of **ORSONI**.

8. On or about December 16, 2016, **EDOARDO ORSONI** caused deeds to be executed for two real proprieties located at 1080 Brickell Avenue in Miami purchased with the proceeds of bribe payments.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
(18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in the Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **EDOARDO ORSONI**, has an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1956(a), as alleged in this Information, the defendant, **EDOARDO ORSONI**, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to:

   a. a forfeiture money judgment in the amount of at least $4,500,000.00;

   b. real property located at 1080 Brickell Avenue, Unit 4100, Miami, Florida 33131; and

   c. real property located at 1080 Brickell Avenue, Unit 4106, Miami, Florida 33131.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA


ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
    for JOHN-ALEX ROMANO
    TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **EDOARDO ORSONI,** | |
|        **Defendant.** / | **Superseding Case Information:** |

**Court Division**: (Select One)

    _X_ Miami     ___ Key West
    ___ FTL        ___ WPB     ___ FTP

New Defendant(s)    Yes ___    No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect   Spanish

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                       (Check only one)

   I    0 to 5 days    _X_        Petty    ___
   II    6 to 10 days    ___        Minor    ___
   III   11 to 20 days   ___        Misdem.   ___
   IV   21 to 60 days   ___        Felony    _X_
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: Lenard                   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the    District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ___ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ___ Yes    _X_ No

_/s/ Michael N. Berger_
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501557

*Penalty Sheet(s) attached                                                           REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **EDOARDO ORSONI**

**Case No**: _____

Count #: 1

Conspiracy to Commit an Offense Against the United States

Title 18, United States Code, Section 371

\* **Max. Penalty:** Five (5) Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.