## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  19-20725-CR-MGC

UNITED STATES OF AMERICA

vs.

EDOARDO ORSONI,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively the "Offices") and Edoardo Orsoni (hereinafter "the defendant") enter into the following agreement:

1.      The defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged.   Understanding the right, and after full and complete consultation with his counsel, the defendant agrees to waive his right to prosecution by Indictment, agrees to waive any challenges to the statute of limitations or venue, and agrees that the United States may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2.      The defendant agrees to plead guilty to the sole count of the Information charging the defendant with a violation of Title 18, United States Code, Section 371 (Conspiracy to Commit an Offense against the United States), specifically, conspiracy to violate 18 U.S.C. § 1956(a) (laundering of monetary instruments that are proceeds of specified unlawful activity, to wit, an

offense against a foreign nation involving bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official and a felony violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1 *et seq.*).

3.      The defendant understands and acknowledges that, as to the sole count of the Information, the Court may impose a statutory maximum term of imprisonment of up to 5 years and a term of supervised release of up to 3 years.   The defendant understands that the Court may impose a fine of up to $250,000.   The defendant also understands that a restitution order may be imposed.   The defendant also understands that a special assessment in the amount of $100 will be imposed and due at the time of sentencing.

4.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the advisory Sentencing Guidelines range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any

2

sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

5.      The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon recommendation contained in this agreement, this Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

6.      The Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   The Offices, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after signing

3

this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.     The Offices and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend for sentencing purposes, consistent with U.S. Sentencing Guideline section 1B1.8, that the Court find that the value of laundered funds was between $550,000 and $1.5 million.

8.     The Offices agree to recommend a sentence at the low end of the applicable advisory guideline range provided the defendant fully complies with the terms of this plea agreement, including completing an asset disclosure form, and making a good-faith effort to comply with forfeiture and restitution obligations in this matter.

9.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.   The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10.     The defendant agrees that he shall cooperate fully with the Offices by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Offices, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Offices; and (c) if requested by the Offices, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   Any assistance the defendant may provide to the United States federal criminal investigators shall be pursuant to the specific instructions and control of these Offices and designated United States investigators.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

11.     The defendant agrees to forfeit to the United States voluntarily and immediately all rights, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which he is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C).   The defendant specifically agrees to the entry of a personal forfeiture money judgment in the amount of $4,500,000 in United States currency, and to the forfeiture of the following real properties: (a) real property located at 1080 Brickell Avenue, Unit 4100, Miami, Florida 33131; and (b) real property located at 1080 Brickell Avenue, Unit 4106, Miami, Florida 33131 (collectively, the "Real Properties").   It is further agreed that the proceeds from the forfeiture and subsequent sale of these real properties shall be applied to the aforementioned personal forfeiture money judgment.

12.     The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine what property is subject to forfeiture.

5

Further, the defendant knowingly and voluntarily agree that he shall not, in any manner, act in opposition to the United States in seeking entry and full satisfaction of the forfeiture judgment, or in forfeiting the Real Properties.

13.     The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the money judgment and the forfeiture of the Real Properties: (a) all constitutional, legal, and equitable defenses to such forfeiture; (b) any constitutional or statutory double jeopardy defense or claim regarding such forfeiture; (c) any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and (d) any right he may have to appeal of any resulting order of forfeiture.

14.     The defendant also agrees to assist the Offices in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of any property, including substitute property, regardless of the nature or form of the property, real or personal, wherever located, which the defendant or others known to the defendant have accumulated as a result of the commission of the offense(s) of conviction.   Such assistance shall include the identification of all assets subject to forfeiture, whether directly subject to forfeiture or as substitute assets, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such assets to the United States, by delivery upon request, of all necessary and appropriate documentation with respect to the assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property and assets.

15.     In furtherance of the identification of all assets subject to forfeiture and the collection of the forfeiture judgment, the defendant agrees to the following:

a.  to make full and accurate disclosure of his financial affairs to the United States Attorney's Office and United States Probation Office.   Specifically, the defendant agrees that within 14 calendar days of the signing of this Plea Agreement, he shall submit a completed Financial Disclosure Statement (form provided by the Offices), and shall fully disclose and identify all assets in which he has an interest and/or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.   The defendant agrees to provide, in a timely manner, all financial information requested by the Offices and the United States Probation Office, and, upon request, to meet in person to identify assets that are subject to forfeiture.

b.  The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the forfeiture judgment is paid in full without prior approval of the Offices.   The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of any third party to who the asset was transferred, and the current location of the asset.

c.  The defendant agrees to cooperate fully in the investigation and the identification of assets subject to forfeiture.   The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring, or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including under 18 U.S.C. § 1001; or (ii) recommendation of a

7

denial of a reduction for acceptance of responsibility pursuant to Sentencing

Guidelines § 3E1.1.

16.     The Offices reserve the right to evaluate the nature and extent of the defendant's

cooperation and to make that cooperation, or lack thereof, known to the Court at the time of

sentencing.     If, in the sole and unreviewable judgment of the Offices, the defendant's

cooperation is of such quality and significance to the investigation or prosecution of other criminal

matters as to warrant the Court's downward departure from the advisory sentencing range

calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence,

the Offices may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing

Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing

pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the

defendant has provided substantial assistance and recommending that the defendant's sentence be

reduced.   The defendant understands and agrees, however, that nothing in this agreement requires

the Offices to file any such motions, and that the Office's assessment of the quality and

significance of the defendant's cooperation shall be binding as it relates to the appropriateness of

the Offices' filing or non-filing of a motion to reduce sentence.

17.     The defendant understands and acknowledges that the Court is under no obligation

to grant a motion for reduction of sentence filed by the government.   In addition, the defendant

further understands and acknowledges that the Court is under no obligation of any type to reduce

the defendant's sentence because of the defendant's cooperation.This plea resolves the defendant's

federal criminal liability with regard to the Offices for conduct related to that described in the factual

proffer except criminal tax liability (as to which the Offices do not have authority to make any

agreement).   The defendant understands that this agreement is binding only as to the Office and only relating to conduct related to that described in the Factual Proffer.

18.      The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the Offices in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

19.      The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

20.      The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty.   Indeed, because the defendant is pleading guilty to conspiracy to commit money laundering, removal is presumptively mandatory.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.After the defendant has been sentenced and has served any term of imprisonment imposed as a part of his sentence, the Offices will not object to a law enforcement agency ("LEA") submitting an application requesting an S visa for the defendant. The decision whether to submit such an application for consideration by the Criminal Division, Department of Justice and the Department of Homeland Security will be in the sole discretion of the LEA, and may be submitted only if the LEA and the Offices determine that the defendant otherwise qualifies under 18 U.S.C. § 101(a)(15)(S) and 8 C.F.R. 214.2(t), including if the defendant's deportation would pose a significant threat to the defendant's safety. There is no guarantee that if an S visa application is submitted in the future for the defendant that he will be granted S nonimmigrant status, even if he may be statutorily eligible.

21.     These Offices and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph two, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual

10

Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

22.     In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph two above, or should these Offices, in their sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, these Offices will be released from its obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by these Offices;

(c) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(d) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or these Offices; and

(e) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

23.    This is the entire agreement and understanding between the Offices and the defendant.    There are no other agreements, promises, representations, or understandings.


ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 5/23/19                       By: _____
                                         MICHAEL N. BERGER
                                         ASSISTANT UNITED STATES ATTORNEY


ROBERT ZINK
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

Date: 5/23/19                       By: _____
                                         JOHN-ALEX ROMANO
                                         TRIAL ATTORNEY, FRAUD SECTION

Date: 5/23/19                       By: _____
                                         MICHAEL DIAZ, JR.
                                         ATTORNEY FOR DEFENDANT

Date: 5/23/19                       By: _____
                                         EDOARDO ORSONI
                                         DEFENDANT